

**FILED**

JUL 2 9 2022

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number  1:22-cv-866

(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

### I.    PARTIES

A.    Plaintiff:

1.    (a) Michael Joseph Smarr     (b) 1286310   Pro Se
         (Name)                                    (Inmate number)

     (c) 901 Corrections Way
         (Address)

         Jarratt, VA 23870-9998

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.**

B.    Defendant(s): Refer to Hand written complaint for full list of 15 defendants.

1.    (a) Armor                          (b) Lunenburg Corr. Cntr. Health Care Provider
         (Name)                                    (Title/Job Description)

     (c) 113 Place Prkwy. #105A
         (Address)

         Verona, VA 24482

2.    (a) Harold Clarke          (b) Director of V.A.D.O.C
           (Name)                    (Title/Job Description)

      (c) 6900 Atmore Drive
           (Address)

      Richmond, VA

3.    (a) Mack Bailey Jr.        (b) Warden, Lunenburg Corr. Cntr.
           (Name)                    (Title/Job Description)

      (c) 690 Falls Road
           (Address)

      Victoria, VA 23974-2213

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.**

## II.    PREVIOUS LAWSUITS

A.    Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?    Yes [X]    No [  ]

B.    If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

      1.    Parties to previous lawsuit:

      Plaintiff(s) Michael Smarr (self)

      Defendant(s) Appomattox County Jail

      2.    Court (if federal court, name the district; if state court, name the county):

      Eastern District

      3.    Date lawsuit filed: 2011

      4.    Docket number: Unknown

5.  Name of Judge to whom case was assigned: _Unknown_

6.  Disposition (Was case dismissed?  Appealed?  Is it still pending?  What relief was granted, if any?) :

    _Dismissed as Meritorless or Frivolous_

## III.   GRIEVANCE PROCEDURE

A.  At what institution did the events concerning your current complaint take place:

    _Lunenburg Correctional Center_

B.  Does the institution listed in "A" have a grievance procedure? Yes [X]  No [   ]

C.  If your answer to "B" is Yes:

    1.  Did you file a grievance based on this complaint? Yes [X]  No [   ]

    2.  If so, where and when: _Lunenburg Corr. Cntr. 1/31/21, 2/17/21, 3/5/21_

    3.  What was the result? _Unfounded_

    4.  Did you appeal? Yes [X]  No [   ]

    5.  Result of appeal: _Each Level of Grievance procedure_
        _upheld previous Levels decision._

D.  If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [   ]  No [X]

    If your answer is Yes, what steps did you take? _____

E.  If your answer is No, explain why you did not submit your complaint to the prison authorities:

    _Institution has a Grievance Procedure_

## IV.   STATEMENT OF THE CLAIM

State here the facts of your case.  Describe how each defendant is involved and how you were harmed by their action.  Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets if necessary.

(Please Refer to Attached Hand'Written Complaint and Exhibits)

The following started Jan. 12, 2021 at Lunenburg Correctional Center.
Violation of plaintiff's Eighth Amendment Constitutional
right of protection from Cruel and Unusual punishment.
Each defendant acted with deliberate Indifference to plaintiffs
medical Condition, needs and Care, Which led to and Caused the
plaintiff to be Seriously injured.

Refer to Hand'Written Complaint for details, facts, list of
all defendants, legal Claims, prayer for relief, Compensatory
Damages, Punitive Damages, Additional relief requested,
Verification and Declaration of Witness(es) and Exhibits

## V.   RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _MJS_ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

___✓___ Award money damages in the amount of $ _See Attached Complaint_

___✓___ Grant injunctive relief by _See Attached Complaint_

___✓___ Other _See Attached Complaint_

## VI.   PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

Lunenburg Corr. Cntr., 690 Falls Rd., Victoria, VA 23974

Transferred on October 12, 2021 to

Greensville Correctional Center

## VII.   CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes [   ] No [X]. You may consent at any time; however, an early consent is encouraged.

## VIII.   SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this _31_ day of _March_, 20_22_.

Plaintiff _Michael Joseph Smarr #1286310_

STATE OF VIRGINIA

CITY/COUNTY OF _Greensville_

The above named petitioner being first duly sworn says:

1. He signed the foregoing petition;

2. The facts stated in the petition are true to the best of his information and belief.

_Michael Smart_
Signature of Petitioner

Subscribed and sworn to before me

this 24th day of February , 20 22.

_____
Notary Public

My commission expires 03|31|2025 .

Jermilla Terrell Kelley-Crenshaw
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7937750
My Commission Expires 03|31|25

The petition will not be filed without payment of court costs unless the petitioner is entitled to proceed in forma pauperis and has executed the attached.

FORMA PAUPERIS AFFIDAVIT

STATE OF VIRGINIA

CITY/COUNTY OF _Greensville_

The petitioner being duly sworn, says:

1. He is unable to pay the costs of this action or give security therefore;

2. His assets amount to a total of $ 29.59 .

3. Last 6 Months Account Statements Attached.

_Michael Smart_
Signature of Petitioner

Subscribed and sworn to before me

this 24th day of February , 20 22.

_____
Notary Public

My commission expires 03|31|2025 .

Jermilla Terrell Kelley-Crenshaw
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7937750
My Commission Expires 03|31|25

In The United States District
Eastern District of Virginia

**FILED**
JUL 2 9 2022
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

<u>Plaintiff</u>

Michael Joseph Smarr # 1286310 – Pro Se

901 Corrections Way

Jarratt, VA 23870-9998          Civil Action No:

V.                                             1:22CV866

<u>Defendants</u>

113 Mill Place Prkwy., #105 A

1  Armor, Correctional Health Care provider – Verona, VA 24482

2  Commonwealth of Virginia,

3  Virginia Dept. of Corrections – 6900 Atmore Drive, Richmond, VA,

4  Harold Clarke-VADOC Director – 6900 Atmore Drive, Richmond, VA,

5  Mack Bailey Jr.-Warden Lunenburg Corr. Ctr.,

6  Doctor K. Nkembe,

7  Doctor A. Iqbal,

8  Doctor A. Harris,

9  Doctor W. Henceroth,                    <u>Complaint</u>

10 Nurse K. Rollins,                        <u>Jury Trial Demanded</u>

11 Nurse B. Chapman,

12 Nurse L. Chumney,

13 Nurse J. Edmonds,

14 Nurse Sapphire,

15 Nurse S. Clement

are being sued in their individual capacities as well as in
their official capacities. Address for Defendants
#5 - #15 is: Lunenburg Corr. Ctr., 690 Falls Road, Victoria,
VA 23974-2213.

# Complaint

This is a Civil Rights action filed by the Plaintiff Michael Joseph Smarr, a Virginia State prisoner, for damages and injunctive relief under 42 U.S.C.S. 1983 to redress the deprivation, under Color of State law, of rights Secured by the Constitution of the United States. Alleging Wantonly deliberate indifference of Medical Care in Violation of the Eighth Amendment to the United States Constitution. The plaintiff also alleges the tort of negligence.

## Jurisdiction

1. The Court has jurisdiction under 42 U.S.C.S. 1331 and 1334(a)(3).

2. Plaintiff Seeks declaratory relief pursuant to 28 U.S.C.S. 2201 and 2202.

3. Plaintiff's Claims for injunctive relief are authorized by 28 U.S.C.S. 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

4. The Court has Supplemental jurisdiction over the Plaintiff's State law tort Claim under 28 U.S.C.S. 1367.

## Venue

5. The United States District Court, Eastern District of Virginia is an appropriate Venue under 28 U.S.C.S. 1391(b)(2) because it is where the events herein this Claim Occured.

<u>Plaintiff - Pro Se</u>

6   Michael Joseph Smarr, DOC# 1286310, is currently incarcerated at Greensville Correctional Center. The events described in this Complaint took place at Lunenburg Correctional Center.

<u>Defendants</u>

7   1) Armor Health Care, 2) Commonwealth of Virginia, 3) Virginia Dept. of Corr., 4) Harold Clarke - Director of VADOC, 5) Mack Bailey Jr. - Warden of Lunenburg, 6) Dr. K. Nkembe, 7) Dr. A. Iqbal, 8) Dr. A. Harris, 9) Dr. W. Hencereth, 10) Nurse K. Rollins, 11) Nurse B. Chapman, 12) Nurse L. Chumney, 13) Nurse J. Edmonds, 14) Nurse Sapphire and 15) Nurse S. Clement are being sued in their individual and official Capacities.

8   All the defendants acted, and continue to act under Color of State law at all times relevant to this Complaint.

<u>Facts</u>

9   Plaintiff has had multiple surgeries on his left ankle to add and remove orthopedic hardware, which has and does continue to affect plaintiff's daily activities due to the limited range of motion, limited mobility and chronic pain within his left ankle. Exhibit #5

10   Plaintiff received an SSI/Disability income since 2008 as a result of his left ankle injury and surgeries.

11   Plaintiff arrived at Lunenburg Correctional Center on 15 NOV 19 along with faxed medical records stating he requires a bottom bunk. Exhibit #2

Facts

12  Plaintiff Signed a Release of Medical records form for his Medical History to be obtained from his family Physician, Dr. Larry Smith. Exhibits # 6 & 7

13  Xrays of plaintiff's left ankle were ordered to be taken and his Medical Records to be sent for. Exhibit #7

14  During plaintiff's Medical Intake Evaluation done by Nurse Chapman, Dr. Iqbal and Dr. Harris done on 15NOV19, plaintiff made it known to all that he has a bad left ankle from an old injury and multiple surgeries preformed on it, that he has problems at times climbing stairs and/or ladders because his left ankle will have sudden sharp pain and give out on him at any given time and that he requires a bottom bunk because of his left ankle. Exhibit #'s 2,3,4,5,7,8 & 9.

15  Medical Records faxed from Coffeewood Correctional Center to Lunenburg Correctional Center were reviewed by Nurse Chapman, Dr. Iqbal and Dr. Harris on 15NOV19, which informed Lunenburg Medical that the plaintiff requires a bottom bunk. Exhibit # 2

16  Xrays of plaintiff's left ankle were taken on 31DEC19. Exhibit #7

17  January 12, 2021 after being on a bottom bunk for 14 months, plaintiff was ordered to move to a top bunk in a different dorm.

## Facts

18  On 12 JAN 21, Plaintiff immediately had CO. Stokes Contact medical Concerning this move and his medical requirement and need of a bottom bunk. Medical incorrectly informed CO. Stokes that plaintiff had a 30 day bottom bunk pass that had expired. When in fact Plaintiff was and is Medically documented to require a bottom bunk. Exhibit #2

19  Medical Doctors and Nurses at Lunenburg Correctional Center Knew and had Knowledge that there was a Substantial risk of Serious harm and that injury Could occur from placing or assigning Plaintiff on a top bunk. Exhibits #2,3,4,5,6,7 & 8

20  Plaintiff had to do as ordered and move to the top bunk or receive an institutional Charge of Disobeying a Direct Order.

21  Plaintiff was Scared for his Safety each time he had to Climb up or down from the top bunk, So on 14 JAN 21 Plaintiff Submitted a request to Medical reiterating the facts about his ankle and asking for their help to be moved to a bottom bunk before he got hurt. Exhibit #10

22  Plaintiff got a response back on 20 JAN 21, to his request, telling him that he had been Scheduled for a Sick-call appointment. Exhibit #10

23  On 21 JAN 21, Plaintiff was Seen at Sick-call. Exhibit #9

## Facts

24  On 21JAN21 during plaintiff's Sick-call appointment, Nurse Chumney evaluated the plaintiff and Scheduled plaintiff to See the Doctor about his request, Nurse Chumney did not look into his records to investigate the plaintiff's Statement and Claim of requiring a bottom bunk and She did not assign plaintiff to a temporary bottom bunk for his Safety, Knowing that he Could be injured and Seriously harmed while Climbing on or off the top bunk even with and when the plaintiff was pleading for help. Exhibits # 2, 9 & 10

25  On January 26, 2021 appx. at 6:00 AM the plaintiff was Seriously injured when his left ankle gave out on him while he was Climbing down from his top bunk. Plaintiff was Seriously injured, trying to Catch himself and arrest his fall with his right foot. Plaintiff broke his big toe on his right foot and Split it open at the Cutical where it folded in half under his right foot Exhibits # 11, 12, 13, 14, 15, 16 & 18

26  On 26JAN21 at 6:30 appx., Plaintiff Submitted an Emergency Grievance to be Seen as Soon as possible for the injury he received from his ankle giving out on him while Climbing down from his top bunk. Exhibit # 12

27  At 9:30 AM appx., on 26JAN21, Plaintiff was seen by Nurses [1]Rollins, [2]Edmonds, [3]Chumney, [4]Sapphire and by Doctor NKembe for his Emergency Grievance and bottom bunk request. Exhibits # 11 & 12 & 10

## Facts

28  On 26JAN21, at 9:30 - 9:45 AM plaintiff was seen by Doctor Nkembe and Nurse Rollins for his bottom bunk request submitted on 14 JAN 21 and for his Emergency Grievance Submitted that morning, 26 JAN 21. Exhibits # 10, 11 & 12

29  On 26 JAN 21, Doctor Nkembe, Nurse Rollins, Nurse Edmonds, Nurse Chumney, Nurse Sapphire nor any of the other Nurses or Doctors present and witness to plaintiff's injury, suggest, offer, discuss or assign plaintiff to a bottom bunk at this time knowing that plaintiff could be injured or harmed at any time and in fact had been seriously injured. Exhibits # 10, 11, 12, 13, 14 & 18

30  On 26JAN21 at 9-10 AM plaintiff asked Nurses ¹Rollins, ²Edmonds, ³Chumney, ⁴Sapphire and Doctor Nkembe about his bottom bunk request and all but begged them to move him to a bottom bunk. Plaintiff's pleas were ignored. Exhibits # 11 & 10

### Exhaustion of Legal Remedies

31  Plaintiff, Michael Joseph Smarr, did in fact use the prison grievance procedure available at Lunenburg Correctional Center to try and solve the problem. Plaintiff exhausted all levels of the grievance procedure. Exhibits # 24, 25, 26 & 27

## Legal Claims

32  The defendants acted knowingly and wantonly with deliberate indifference and gross negligence when they moved the plaintiff to a top bunk from a bottom bunk knowing plaintiff could be seriously injured and as a result of the defendants deliberate indifference and gross negligence towards plaintiff's medical needs and requirements the plaintiff was seriously injured.

   Lewek V. State, ( Fla. App. 1997)

   Saunders V. Shaver, ( Kan. 1963)

33  Plaintiff, Michael Joseph Smarr, does reallege and incorporate by reference Paragraphs: 1 - 32.

34  The failure of the defendants to review plaintiff's Medical History Records from his primary Doctor, Larry F. Smith, and medical records faxed from Coffeewood Correctional Center, which made them aware of the details concerning his left ankle, as well as their own records which clearly state and show that the plaintiff requires a bottom bunk, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

35  Plaintiff received SSI because his daily activities are affected due to left ankle medical issues. 'A medical condition may be serious if it "significantly" affects an individuals daily activities.'

   McGuckin V. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992)

36   The Chief purpose of the Cruel and Unusual punishment Clause is to prevent the "unnecessary wanton infliction of pain." This Complaint alleges facts that state a Constitutional Claim under this standard.
Gregg V. Georgia, Supra, at 428 U.S. 173
Estelle V. Gamble, 429 U.S. 97, 104 (9th Cir. 1976)

37   Courts usually agree that the medical need must be "one that, if left unattended poses a substantial risk of serious harm."
Taylor V. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)

38   The Supreme Court has ruled that "deliberate indifference to serious medical needs of prisoners" is Cruel and Unusual punishment.
Estelle V. Gamble, 429 U.S. 97, 104 (9th Cir 1976)
Gregg V. Georgia, Supra, at 428 U.S. 173

39   This Complaint alleges that the plaintiff has suffered significant and recurrent pain from his injury. The injury and pain are sufficient to make the plaintiff's medical needs 'serious.'

40   The officials knew of the condition and did not respond to it in a 'reasonable' manner. Thus proving they acted with wanton deliberate indifference.
Lewek V. State, (Fla. App. 1997)
Farmer V. Brennan, 511 U.S. 825 (1994)
Wilson V. Seiter, 501 U.S. 294 (1991)

41   Any reasonable person would have noticed and understood after being made aware, the danger and serious risk of harm and they would have done and do whatever they are able to do to prevent any harm from happening. Any reasonable person would have moved the plaintiff to a bottom bunk after becoming aware of the potential of serious harm occuring and after reviewing of medical history records. Any reasonable person after realizing they have made a mistake and someone got seriously injured because of their mistake would then acknowledge and admit to the mistake and then do whatever they possibly could do to prevent the person from being injured again. However, the defendants in this complaint were not reasonable and did not acknowledge or try to fix their mistake and because they did not do this they were wantonly indifferent to the plaintiff and his medical needs.

Lewek V. State, (Fla. App. 1997)

42   "It is the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in abstract, that is relevant for Eighth Amendment purposes." Id. at 186;

Chance V. Armstrong, 143 F.3d 698, 702-703 (2d Cir. 1998)

43  To prove deliberate indifference and succeed in an Eighth Amendment Challenge to the medical care in the prison you are at, you must show that: a) you had/have a Serious medical need, b) prison officials Showed "deliberate indifference" to your Serious medical need and, c) the "deliberate indifference" Caused your injury.
Estelle V. Gamble, 429 U.S. 97 (1976)

44  Prison officials act with deliberate indifference when they ignore an Obvious and Serious danger.
Farmer V. Brennan, 511 U.S. 825, 835 (1994)

45  Prison Officials Violate the Eighth Amendment When they act with deliberate indifference to a prison Condition that exposes a prisoner to 'Unreasonable' risk of Serious harm.
Helling V. McKinney, 509 U.S. 25, 33 (1993)

46  The Supreme Court held that 'prison Conditions' refers to everything that happens in prison, including inadequate medical Care.
Porter V. Nussle, 534 U.S. 516 (2002)

47  "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met."
Estelle V. Gamble, 429 U.S. 97, 103 (1976)
Gregg V. Georgia, Supra, at 428 U.S. 182-183

48    The failure of defendants Dr. Nkembe, Dr. Iqbal, Dr. Harriss, Dr. Hencerath, Nurse Rollins, Nurse Chapman, Nurse Chumney, Nurse Edmonds, Nurse Sapphire and Nurse Clement to move the plaintiff to a bottom bunk after reviewing his medical history records and their own records or after plaintiff was seriously injured Constitutes Wanton deliberate indifference, in Violation of the United States Eighth Amendment Civil Right.

49    The actions of all the defendants and their failure to act, Knowing the plaintiff could be seriously injured and did in fact cause the plaintiff to be seriously injured and the defendants still did not move the plaintiff to his required bottom bunk and refused to move and failed to move the plaintiff to his required bottom bunk Constitutes not only deliberate indifference, but Constitutes blatant Wanton deliberate indifference to plaintiff's Serious medical need in Violation of the Eighth Amendment to the United States Constitution.

50    The failure of the defendants to provide proper adequate medical treatment of plaintiff's medical Condition and needs Constitutes the tort of Negligence under the law of:
§ 8.01-195.1 - § 8.01-195.9 & 28 USC.S 1367
28 U.S.C. Section 1367

51   The deliberate indifference to the plaintiff's medical needs Violated the plaintiff's rights and Constituted Cruel and unusual punishment under the Eighth Amendment to the United States Constitution. The plaintiff has no plain, adequate or Complete remedy at law to redress the Wrongs described herein. The plaintiff has been irreparably injured by the Conduct of the defendants unless this honorable Court grants the declaratory, injunctive, Compensatory and punitive damages relief which the plaintiff respectfully Seeks.

Prayer for Relief

52   Wherefore, plaintiff respectfully prays that this Court enter judgment granting plaintiff's relief of:

53   A declaration that the acts and omissions described herein Violated the plaintiff's rights under the Constitution and laws of the United States.

54   A preliminary and permanent injunction ordering the defendants to assign the plaintiff to the medically required bottom bunk.

## Compensatory

55  Award compensatory damages in the amounts of $ _____
against defendants ① Nurse Rollins, ② Nurse Chapman,
③ Nurse Chumney, ④ Nurse Edmonds, ⑤ Nurse Sapphire and
⑥ Nurse Clement jointly and severally, for the physical,
mental and emotional injuries sustained as a result of the
defendants failure to provide adequate medical care and their
deliberate indifference.

56  Award compensatory damages in the amounts of $ _____
against each defendant ① Doctor Nkembe, ② Doctor Iqbal,
③ Doctor Harris, ④ Doctor Henceroth, ⑤ Warden Mack Bailey Jr.,
⑥ Commonwealth of Virginia, ⑦ Virginia Dept. of Corrections,
⑧ VADOC-Director Harold Clarke, and ⑨ Armor Health Care jointly
and severally, for the physical, mental and emotional injuries
sustained as a result of the defendants failure to provide adequate
medical care and their deliberate indifference.

## Punitive Damages

57  Award punitive damages in the amounts of $ _____
against each defendant ① Nurse Rollins, ② Nurse Chapman,
③ Nurse Chumney, ④ Nurse Edmonds, ⑤ Nurse Sapphire, and
⑥ Nurse Clement jointly and severally.

58  Award punitive damages in the amounts of $ _____ against each
defendant ① Dr. Nkembe, ② Dr. Iqbal, ③ Dr. Harris, ④ Dr. Henceroth, ⑤ Warden
Mack Bailey Jr., ⑥ Commonwealth of Virginia, ⑦ Virginia Dept. of Corrections,
⑧ Director of VADOC-Harold Clark and ⑨ Armor Health Care
jointly and severally.

Additional Relief Requested

59  Grant a jury trial on all issues tryable by jury.
60  Grant plaintiff's Costs in this Suit, Attorney fees,
    expert Witness fees and all other fees.
61  Grant plaintiff Assistance of Counsel.
62  Grant any additional relief this Honorable Court deems just,
    proper and equitable.


Respectfully Submitted,

Michael Joseph Smarr

Michael Joseph Smarr
Pro Se Party


Executed on: 04MAY22

## Verification

I have read the foregoing Complaint and hereby Verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I Certify under penalty of perjury that the foregoing is true and Correct.

Executed at Greensville Correctional Center, in Jarratt, VA on: 04MAY22

Respectfully Submitted,

Michael Joseph Smarr

Michael Joseph Smarr #1286310
Pro Se
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870-9998